UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 20-CR-20416

v.                                                Hon. Thomas L. Ludington

DARIOUS D. WHITE,

    Defendant.
_____/

**ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW,
WITHDRAWING DEFENDANT'S MOTION TO SUPPRESS AND MOTION TO
QUASH, APPOINTING STANDBY COUNSEL, AND EXTENDING PLAINTIFF'S TIME
TO RESPOND TO DEFENDANT'S NEW MOTIONS**

On August 14, 2020, a complaint was sworn before Magistrate Judge David Grand and an arrest warrant was issued for Defendant. ECF Nos. 1, 2. Attorney Jerome Sabbota was appointed to represented Defendant. ECF Nos. 4, 6. On September 9, 2020, Mr. Sabbota filed a motion to withdraw as counsel because "Mr. White advised Jerome Sabbota he was firing him, he no longer wished Mr. Sabbota to represent him and he will be suing him. ECF Nos. 11. Mr. Sabotta's motion was granted. ECF No. 13. Attorney Steve Jacobs was then appointed to represent Defendant. ECF Nos. 13, 15.

On September 9, 2020, Defendant was indicted by a grand jury on one count of possession of firearms and ammunition by a prohibited person; one count of possession, concealment and sale of stolen firearms; and one count of receipt of firearms and ammunition while under indictment. ECF No. 12. On December 21, 2020 and January 5, 2021, Mr. Jacobs filed a motion to suppress the Defendant's alleged confession and motion to quash a search warrant that yielded 18 stolen firearms on Defendant's behalf. ECF Nos. 23, 24. Subsequently, this Court received a letter from

Defendant expressing his frustration with Mr. Jacobs' representation. On February 17, 2021, Mr. Jacobs filed a motion to withdraw as counsel, stating,

> Defendant's letter states, in part: that counsel filed two motions that were not authorized; that counsel was previously told to withdraw and refused; that counsel was ineffective assistance of counsel; that counsel will be sued by Defendant for malpractice; that Defendant will be filing a grievance with the Attorney Grievance Commission as well as the Bar Association. Furthermore, that he will be suing counsel for violation of his Constitutional rights to due process.

ECF No. 31 at PageID.125.

On March 10, 2021, this Court held a hearing by Zoom videoconference (with Defendant's consent) on the Motion to Withdraw, Motion to Suppress, and Motion to Quash. The hearing was continued to March 25, 2021 to provide Mr. Jacobs an opportunity to show Defendant various videos relevant to his charges. On March 24, 2021, Plaintiff, the United States of America (the "Government"), filed a superseding indictment, adding one count of theft of firearms from a licensed dealer. ECF No. 36. At the March 25, 2021 hearing,[1] Defendant indicated he still wanted Mr. Jacobs to withdraw. The Court cautioned Mr. White that based on counsel's explanation, Mr. Jacobs was effectively representing Mr. White. As a result, there was no legitimate reason to appoint a third attorney at public expense. Mr. White explained that he wished to represent himself. He also expressed that he wished to withdraw the Motion to Suppress and Motion to Quash. He further stated that he recently filed four new motions (ECF Nos. 37, 38, 39, 40).

I.

A criminal defendant has the right to waive appointed counsel and proceed pro se. *Faretta v. California*, 422 U.S. 806 (1975). In order to proceed pro se, the defendant must knowingly and intelligently waive his or her right to counsel. *Id.* The judge must question the defendant to be sure that he or she understands the disadvantages of self-representation; that the defendant will be

---

[1] Conducted via Zoom videoconference with Defendant's consent.

proceeding alone in a complex area where experience and training are greatly to be desired; and that the judge believes it would be in the best interests of the defendant to be represented by an attorney. *Id.*

At the hearing, Defendant indicated he was familiar with the nature of the charges against him. The Court questioned Defendant regarding his knowledge of the Rules of Criminal Procedure and the Rules of Evidence. The Court explained that proceeding without counsel is not advisable and cautioned him against doing so. Notwithstanding this explanation, Defendant indicated that he wishes to proceed pro se. He also objected to the appointment of stand-by counsel. The Court determined that the waiver was knowing, intelligent, and voluntary.

The appointment of stand-by counsel to represent the defendant does not violate the defendant's Sixth Amendment right to proceed pro se, even if the appointment is made over defendant's objection. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Standby counsel cannot assume control of the defendant's case; the pro se defendant must be allowed to control the organization and content of his defense. *Id.* The defendant is to use the advice of standby counsel as he or she sees fit. *Id.* There is, however, no absolute bar on standby counsel's unsolicited participation of a pro se defendant's case before the jury. *Id.*

Standby counsel may properly assist the pro se defendant before the jury in completing tasks the defendant clearly wishes to complete, such as introducing evidence and objecting to testimony. *Id.* Standby counsel may also help ensure the defendant's compliance with the basic rules of courtroom protocol and procedure. *Id.* However, standby counsel's participation may not be so intrusive as to destroy the jury's perception that the defendant is representing himself. *Id.* Standby counsel is also permitted to participate in the presentation of the pro se defendant's case outside the presence of a jury. *Id.* Standby counsel's job is to assist the defendant in procedural

matters the defendant is unfamiliar with and to facilitate a speedy and efficient trial by avoiding the delay often associated with pro se representation. *Id.*

If a pro se defendant persists in refusing to obey the court's directions or in injecting extraneous or irrelevant matter into the record, the court may direct standby counsel to take over the representation of the defendant. *United States v. Dougherty*, 473 F.2d 1113 (D.C. Cir. 1972); *United States v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973); *United States v. Anderson*, 577 F.2d 258 (5th Cir. 1978); *United States v. Brock*, 159 F.3d 1077 (7th Cir. 1998).

**II**.

Accordingly, for the reasons stated on the record and in this Order, it is **ORDERED** that defense counsel's Motion to Withdraw, ECF No. 31, is **GRANTED**.

It is further **ORDERED** that Attorney Steve Jacobs is appointed as standby counsel.

It is further **ORDERED** that the Motion to Suppress and Motion to Quash, ECF Nos. 23 and 24, are **WITHDRAWN** at Defendant's request.

It is further **ORDERED** that the Government must respond to Defendant's Motions (ECF Nos. 37, 38, 39, 40) **on or before Monday, April 12, 2021**.

Dated: April 5, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Darious D. White** #105131, Saginaw County Jail, 311 S. Harrison, Saginaw, MI 48601 by first class U.S. mail on April 5, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager