UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                             Case No. 1:20-cr-20416

v.                                            Hon. Thomas L. Ludington

DARIOUS D. WHITE,

       Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S PRETRIAL MOTIONS AND SETTING A TRIAL DATE**

On August 14, 2020, upon a complaint sworn before Magistrate Judge David Grand, an arrest warrant was issued for Defendant Darious D. White. ECF Nos. 1, 2. Attorney Jerome Sabbota was appointed to represent Defendant. ECF Nos. 4, 6. On September 9, 2020, Mr. Sabbota filed a motion to withdraw as counsel because "Mr. White advised Jerome Sabbota he was firing him, he no longer wished Mr. Sabbota to represent him and he will be suing him." ECF No. 11. The motion was granted. ECF No. 13. Attorney Steve Jacobs was then appointed to represent Defendant. ECF No.15.

On September 9, 2020, Defendant was indicted by a grand jury on one count of possession of firearms and ammunition by a prohibited person; one count of possession, concealment and sale of stolen firearms; and one count of receipt of firearms and ammunition while under indictment. ECF No. 12. On December 21, 2020 and January 5, 2021, Mr. Jacobs filed a motion to suppress the Defendant's alleged confession and motion to quash a search warrant that yielded 18 stolen firearms. ECF Nos. 23, 24. Subsequently, this Court received a letter from Defendant expressing

his frustration with Mr. Jacobs' representation. Mr. Jacobs moved to withdraw shortly thereafter. ECF No. 31.

On March 10, 2021 and March 25, 2021, hearings were held via Zoom videoconferencing on the two defense motions filed by Mr. Jacobs (ECF Nos. 23, 24) and Mr. Jacobs' motion to withdraw as counsel (ECF No. 31). During the hearings, Defendant indicated that he wished to withdraw the two motions filed by Mr. Jacobs and wanted Mr. Jacobs to withdraw as counsel. Mr. Jacobs' representation was subsequently terminated, and the two motions filed by Mr. Jacobs prior to his termination (ECF Nos. 23, 24) were withdrawn at Defendant's request. ECF No. 41. However, Mr. Jacobs was directed to remain in the case as standby counsel for Defendant. *Id.*

Subsequently, Defendant filed four motions on his own behalf: a motion to dismiss, motion to suppress, motion for bill of particulars, and motion for grand jury testimony. ECF Nos. 37, 38, 39, 40. The motion to suppress was later withdrawn at Defendant's request on May 5, 2021. On March 24, 2021, a superseding indictment was filed, adding one charge of theft of firearms from a licensed dealer (18 U.S.C. §§ 922(u) and 2). ECF No. 36.

The motion deadline was previously set for January 5, 2021. ECF No. 22. At the May 5, 2021 hearing, this Court extended the final motion cut-off to June 1, 2021. As of June 3, 2021, Defendant has filed an additional five motions: a motion to dismiss the complaint for lack of jurisdiction (ECF No. 54), a motion requesting a placement transfer (filed by Mr. Jacobs on Defendant's behalf) (ECF No. 58), a motion to dismiss the indictment for improper venue (ECF No. 59), a motion to dismiss for lack of specificity (ECF No. 60), and a motion to dismiss for multiple defects (ECF No. 61). Due to mail delays caused by the COVID-19 pandemic and the mailbox rule, Defendants motions filed by June 3, 2021, will be considered timely filed. Then, on June 17, 2021, Defendant, through Mr. Jacobs, filed a motion to re-instate his previously filed

motion to suppress (ECF No. 62 seeking to re-instate ECF No. 23). The Government timely responded to all the motions, with the exception of the motion requesting transfer and the motion to reinstate. ECF Nos. 57, 63.

As such, nine motions remain pending: Motion to Dismiss Indictment for Violation of Speedy Trial Rights (ECF No. 37), Motion for Bill of Particulars (ECF No. 39), Motion for Grand Jury Testimony and Transcripts (ECF No. 40), Motion to Dismiss for Lack of Jurisdiction (ECF No. 54), Motion Requesting Placement Transfer (ECF No. 58), motions to dismiss the indictment for improper venue (ECF No. 59), for lack of specificity (ECF No. 60), for multiple defects (ECF No. 61), and Motion to Re-instate the Motion to Suppress (ECF No. 62). All motions will be denied.

## I.

### A.

In his motion to dismiss the indictment because of a violation of his speedy trial rights, Defendant argues that he "never waived, agreed to an adjournment or postponement of my constitutional right to a speedy trial [and] [n]o one can waive any of my constitutional rights with out my expressed consent, not a judge, not a U.S. Attorney and not my attorney." ECF No. 37 at PageID.145–46 (sic throughout). He notes that the initial scheduling order provided for a December 15, 2020 trial date and that he "was never given a notice or informed that my trial date had changed [and] [t]he docket is silent as to why this case didn't proceed as scheduled." *Id.* He contends that he "was prejudiced by not being taken to trial within 70 days of my indictment because it gave the government time to attempt to supersede my indictment and add the charge Of 18 U.S.C. { 922 (u) theft from a Federal Firearm Licensee a charged that was previously submitted to the grand jury on September 9th, 2020 but which no indictment was returned." *Id.* (sic

throughout). He claims that he would not agree to waive his speedy trial rights because "there is no [sic] enough evidence to convict me on the charges that I was indicted on without the . . . Federal Firearm Licensee charge." *Id.* He later supplemented his Motion (with court approval). Quoting *Gonzales v. United States*, 533 U.S. 242 (2008) and *Klopfer v. North Carolina*, 386 U.S. 213 (1967), he states that the right to a speedy trial is a fundamental right which can only be waived by the defendant. ECF No. 53 at PageID.220. He continues,

> The law is clear Attorney Steve Jacobs could not waive my fundamental constitutional rights to have a speedy trial under the 6th Amendment only I can waive that and I did not wave [sic] it. . . . Because my right to speedy trial was violated by Attorney Steve Jacobs and because I was superseded and given more charges during the time Attorney Steve Jacobs filed the motion against my wishes, I suffered actual prejudice and this indictment should be dismissed with prejudice.

ECF No. 53 at PageID.221.

In response, the Government explained that it and Attorney Jacobs, on Defendant's behalf, submitted a stipulation and proposed order in November 2020 adjourning dates pursuant to 18 U.S.C. § 3161(h)(7)(A) because Mr. Jacobs requested additional time to file pretrial motions, Michigan law restricted movement and access to public facilities due to the COVID-19 pandemic, and Administrative Order 20-AO0021 indefinitely postponed in-court proceedings in the Eastern District of Michigan. ECF No. 42. The Stipulation and Order was entered on December 2, 2020. ECF No. 22. The Government explains that the Speedy Trial Act provides for an excludable delay when pretrial motions are filed and when the court determines that the ends of justice are served by a continuance. ECF No. 42 at PageID.171–72.

The Speedy Trial Act provides that certain periods of delay "shall be excluded in computing the time . . . within which the trial of any such offense must commence." 18 U.S.C. § 3161 (h)(1). Specifically, the Act lists "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

*Id.* at § 3161(h)(1)(D); *United States v. Tinklenberg*, 563 U.S. 647, 653–55 (2011) ("[W]hen read in context and in light of the statute's structure and purpose, we think it clear that Congress intended subparagraph (D) to apply automatically."). Further, the statute provides, "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The relevant factors include:

> Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice, [w]hether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits . . . [and] [w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* at § 3161(h)(7)(B).

At a motion hearing on May 5, 2021, Defendant stated, "It's my understanding that everything is tolled while we're dealing with these [pretrial] motions." This Court responded in the affirmative, stating, "You're correct, at least in terms of the application of the speedy trial clock." ECF No. 65 at PageID.319–20.

Further, jury trials in the Eastern District of Michigan have been suspended since March 2020 because of concerns for the safety of employees, jurors, attorneys, parties, and witnesses raised by the COVID-19 pandemic.

In December 2020, Defendant's counsel stipulated to an extension of the speedy trial clock due to the need for additional time to file pretrial motions and the "unprecedented and exigent

circumstances created by COVID-19," including travel restrictions, the suspension of in-court proceedings, and the impediment to effective trial preparation as a result of the pandemic. ECF No. 22 at PageID.71–73. Even if Defendant did not authorize his attorney to stipulate to the Order Extending Trial Dates, this Court would have entered an order upon motion by Government counsel or sua sponte due to the exigencies of the COVID-19 pandemic. This Court considered the 18 U.S.C. § 3161(h)(7)(B) factors and properly extended the trial deadlines. Defendant's Motion to Dismiss for Violation of his Speedy Trial Rights, ECF No. 37, will be denied.

## B.

On March 23, 2021, Defendant filed a motion for a bill of particulars. His two-sentence motion provides, "Now comes the defendant, Darious D. White in pro.per [sic] and moves this Honorable Court to direct the government to file a bill of Particulars and serve it upon the defendant. Wherefore the defendant prays that this Honorable Court grants this motion." ECF No. 39 at PageID.151.

Federal Rule of Criminal Procedure 7(f) provides that a "court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars to such conditions as justice requires." The Sixth Circuit has explained that the "purpose of a bill of particulars is to inform the defendant of the charges against him 'if this is necessary to the preparation of the defense, and to avoid prejudicial surprise at the trial.' Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise. . .   A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." *U.S. v. Musick*, 291 Fed. App'x 706, 724 (Sixth

Cir. 2008). The Government explains that "White has not alleged any particular deficiency in the indictment against him. Nor has he alleged any particular way in which the nature of the charges against him have been insufficiently precise to allow him to prepare for trial, to avoid prejudicial surprise, or to be protected from double jeopardy." ECF No. 44 at PageID.198.

The first indictment (the only indictment at the time Defendant filed his motion) includes three offenses. Count I specifies that Defendant knew he was prohibited from possessing a firearm and lists 22 firearms and three types of ammunition he allegedly possessed in the Eastern District of Michigan. Count II charges Defendant with receiving stolen firearms in the Eastern District of Michigan that were previously identified in the indictment and shipped in interstate commerce. Count III charges Defendant with receipt of the previously listed firearms and ammunition in the Eastern District of Michigan while under indictment for felonious assault in Saginaw County, a crime punishable by imprisonment for a term exceeding a year. ECF No. 12. Defendant did not identify specifically which particulars he was seeking from the Government, and the Government's indictment clearly outlines the location of the offenses, the firearms and ammunition at issue, and the underlying indictment from Saginaw County. Defendant's Motion for a Bill of Particulars will be denied.

## C.

Defendant also filed a motion for grand jury testimony and transcripts on March 23, 2021. ECF No. 40. Defendant argues that ATF Special Agent Kyle Salcido lied in two search warrant affidavits on August 20, 2020 and August 24, 2020 that he saw a "clear picture of a firearm sitting on the ground" in the surveillance video. ECF No. 40 at PageID.153. Defendant contends the affidavits are "lies" because he "reviewed the air surveillance video CBP and there is no clear picture of a firearm in the video." *Id.*; ECF No. 65 at PageID.321–22. Citing Federal Rule of

Criminal Procedure 6(e)), he seeks disclosure of grand jury testimony because "Agent Salcido may have lied to the grand jury." ECF No. 40 at PageID.154.

As the Government highlights, Fed. R. Crim. P. 6(e)(2) provides that a court "may authorize disclosure . . . of a grand-jury matter: at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The Government argues that "a showing of false testimony by a witness before the grand jury is not sufficient, in itself, to require dismissal of the indictment. Rather, there must be knowing use of perjury by the prosecution, and that perjury also must be shown to be material." ECF No. 45 at PageID.204. The Ninth Circuit explains that a "prosecutor who discovers perjury by a grand jury witness after indictment [is required] to inform the defendant, the trial court, and the grand jury of the perjury so that the grand jury may reconsider its decision to indict." *U.S. v. Claiborne*, 765 F.2d 784, 791 (9th Cir. 1985) (abrogated on other grounds by *Ross v. Oklahoma*, 487 U.S. 81 (1988)). In *Claiborne*, the defendant believed a witness' testimony was perjured and prejudicial. *Id.* at 792. However, the court found the "defendant ha[d] made no showing, beyond mere speculation, that [the witness] gave perjured testimony before the grand jury . . . . Nor ha[d] he made any showing that the Government had any reason to believe that [the witness's] testimony was perjured." *Id.* The court concluded that "[s]peculation cannot justify this court's intervention into the grand jury's proceedings," and that "[u]nder these circumstances, the Government's presentation of [the witness]'s testimony to the grand jury was not the sort of flagrant misconduct required to justify dismissal of the indictment under the Due Process Clause or [the court's] supervisory powers." *Id.*

The Government includes screenshots of the thermal video in its response, including two pictures that show apparent firearms on the ground or in individual's hands. ECF No. 45 at

PageID.206. Defendant's mere dissatisfaction with the clarity of the video is insufficient to establish that Agent Salcido perjured himself in front of the grand jury. Further, Defendant has seen the video which Agent Salcido saw, so disclosure of the grand jury transcripts will not elucidate additional detail about his testimony. Defendant's Motion for Grand Jury Testimony, ECF No. 40, will be denied.

### D.

On May 5, 2021, Defendant filed a motion to dismiss the indictment for lack of jurisdiction and for violation of his due process rights. ECF No. 54. He argues that because he was not arraigned on the superseding indictment within 10 days, the indictment should be dismissed. *Id.*

"Prior to 1979, the [Speedy Trial] Act required that a defendant's arraignment occur within ten days of the filing of an information or indictment, and that trial commence within sixty days of arraignment. The section was amended for the purpose of merging the 10-day indictment-to-arraignment and the 60-day arraignment-to-trial time limits into a single 70-day indictment-to-trial period. . . . [I]nstead of 30-10-60 day intervals, the Act would operate on a 30-70 day (arrest to indictment, indictment to trial) basis." *United States v. Carrasquillo*, 667 F.2d 382, 384 (cleaned up). The Government correctly articulates that while *United States v. Lee*, 575 F.2d 1184 (6th Cir. 1978), Defendant's sole legal authority, outlines the 30-10-60 process, the case was decided in 1978, prior to the amendment to the act. *See* 18 U.S.C. § 3161 (b)–(c)(1) ("Any . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested. . . . In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date . . . of the . . . indictment."). Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 54, will be denied.

**E.**

On June 2, 2021, Defendant, through stand-by counsel, filed a motion requesting a placement transfer. ECF No. 58. Defendant states that "he was recently falsely accused of assaulting a correctional officer and placed on suicide watch at the Saginaw County Jail. Therefore, he no longer has access to legal materials and he cannot adequately represent himself. The defendant is denied access to ink pens. His ability to write letters to third parties and communicate is also limited." ECF No. 58 at PageID.251. He also states that he has money in his "commissary account" but that "jail administrators will not allow him to release funds to third parties who can assist him in his defense." *Id.* He states that he "would like to transfer monies from his account to Mr. George Drain and/or Ms. Lois Robinson. These individuals assists [sic] him in preparing and filing his motions and review his discovery." *Id.* Standby counsel indicated that AUSA Ann Nee was contacted regarding the Motion "and was advised she takes no position regarding the requests." *Id.* The Government did not file a response brief to the Motion.

Defendant did not provide any legal authority regarding this Court's ability to transfer him to another jail facility. In addition, his concerns about lack of access to legal materials, ink pens, and communication with third parties were previously addressed on the record. AUSA Nee represented that the Saginaw County jail has a legal kiosk. ECF No. 65 at PageID.327–29. Defendant agreed and said there is a legal research kiosk, but the jail does not have a copy machine, "a print off machine," "expedited legal form" for legal mail, ink pens or carbon paper. *Id.* This Court does not require motions to be written with ink pens. Motions written on paper with graphite pencil will be accepted. Further, Defendant has been appointed standby legal counsel, Mr. Steve Jacobs. Therefore, Defendant may send his draft motions to Mr. Jacobs to file rather than having

a third party prepare and file the motions, just as Mr. Jacobs did for the instant Motion. Defendant's

Motion for a Transfer will be denied.

**F.**

Defendant also filed a motion to dismiss the indictment because of improper venue. ECF

No. 59.  First, he argues that because "[t]he location in the Eastern District of Michigan is not

stated [in the indictment] so proper venue can not be proved in those charges [Counts I to III]. So

this Court lack jurisdiction to procede." *Id.* at PageID.253–54 (sic throughout). Second, he argues

that Count Four indicates the theft of firearms occurred at Bowman's Outdoor Sports located in

Lapeer County, in the Southern Division of the Eastern District of Michigan, but "[t]his case is

being prosecuted in the Eastern District of Michigan Northern Division." *Id.* He cites the U.S.

Constitution and several Supreme Court cases to support his argument that "criminal defendants

[must] be tried in the place where they committed their alleged crimes." *Id.* However, the cases

cited by Defendant highlight that the Government must prove the alleged crimes in a specific

federal district, not a specific city or other more specific location. *See Travis v. United States*, 364

U.S. 631 (1961); *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999); *United States v.

Petlechkov*, 922 F.3d 762 (6th Cir. 2019).

Furthermore, the Sixth Circuit has explained that "[a]lthough the Sixth Amendment and

Fed.R.Crim.P. 18 require that a defendant's trial take place in the district where the crime was

committed, there is no constitutional or statutory requirement that a defendant's trial take place in

a specific courtroom or division within a federal judicial district." *U.S. v. Erwin*, 155 F.3d 818,

824–25 (6th Cir. 1998) (emphasis omitted). In addition, the firearms were located at a house in

Saginaw, Michigan, in the Northern Division and "[t]here [is] no rule providing for the assignment

of cases in which crimes were alleged to have been committed by a single defendant in both the

Southern and Northern Divisions. Thus, it appears . . . that the . . . indictment could have been assigned to either the Northern or the Southern Division under the local rules." *Id.* To the extent that several alleged crimes occurred in the Northern Division and others in the Southern Division, neither the Constitution, federal statute, nor the local rules are offended by trying all counts together in the Northern Division. Defendant's Motion to Dismiss Due to Improper Venue will be denied.

## G.

Defendant's next Motion is titled, "Motion to Dismiss Indictment for Lack of Specificity." ECF No. 60. He contends there is insufficient information listed for each count of the superseding indictment, including that it does not state where in the Eastern District these events occurred, "it doesn't state how I possessed the alleged firearms," to whom the firearms were sold, where the firearms were concealed or stored, how the firearms were disposed of, and how the firearms were received. *Id.*

To the extent Defendant argues the superseding indictment is not being prosecuted in the proper venue, it is denied for the reasons explained in Section I.F., *supra.*

To the extent Defendant argues the superseding indictment lacks specificity, the Government argues, "It is generally sufficient for an indictment to recite the statutory language of the offense, as long as the words 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." ECF No. 63 at pageID.289 (citing *United States v. Hudson*, 491 F.3d 590, 593 (6th Cir. 2007). The Government contends the indictment "is sufficient to allow White adequately to [sic] prepare his defense and to protect against double jeopardy." *Id.* at PageID.289–90. The Government is correct that the four charges "follow[] the statutory language and specif[y] the date of the offense; the

district in which it occurred; the firearms and ammunition alleged to have been possessed, concealed, or sold; [ ] the elements of the offense. . . the case number and court of the alleged pending indictment and the charges in that pending case [for Count III] . . . [and] the name of the licensed firearm dealer [for Count IV]." *Id.* Further, Defendant is not limited to the indictment; he also received substantial discovery from the Government to assist in the preparation of his defense, including having watched the surveillance videos. Defendant's Motion to Dismiss for Lack of Specificity will be denied.

## H.

Defendant's final motion filed by the motion cut-off is his "Motion to Dismiss Indictment for multiple defects: Multiplicity, Duplicity, False Statement as to sentencing if convicted or plead guilty on the Defendant's Acknowledgement of first Superseding Indictment." ECF No. 61. He explains that he "is representing himself and is currently in segregation in the Saginaw County Jail and only gets out of cell movement 1 hour a day at which time he has access to the law library kiosk if it's not broken and working." *Id.* at PageID.270. He claims that he "can not at this time cite current caselaw to fully support his claims because I am being denied access to the court by the Saginaw County Jail and the U.S. Marshalls." *Id.* As explained *supra*, Defendant has access to the law library kiosk, even if his time is limited. In addition, he has elected to terminate the representation of two appointed attorneys and currently has standby counsel appointed to assist him. Defendant includes multiple arguments in this motion.

First, Defendant argues the superseding indictment lists his maximum sentence for Counts III as five years instead of ten years and Count IV as ten years instead of five. *Id.* at PageID.268–69. The Government responds and correctly states that because § 924(n) is not listed separately in the statute, the maximum term of imprisonment is the statutory default of five years for Count III,

which was correctly listed on the indictment. ECF No. 63 at PageID.295. The Government also correctly explains that Count IV is listed separately and states the maximum term of imprisonment as 10 years, which also was correctly stated in the indictment. *Id.* Defendant provides no explanation or legal authority for why he believes the listed maximum prison sentences are incorrect.

Second, Defendant argues Counts I, possession of a firearm by a prohibited person and Count III, receipt of a firearm while under indictment, are multiplicitous. ECF No. 61 at PageID.268–69. "Multiplicity is charging a single offense in more than one count in an indictment, and it therefore may result in a defendant being punished twice for the same crime. To determine whether charges are multiplicitous, we generally analyze, under *Blockburger v. United States*, whether each charge requires proof of a fact that the other charge does not; if each charge does, then the charges accuse different crimes and are therefore not multiplicitous." *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017) (cleaned up). Rules about multiplicity are "pleading rules" and are "not fatal to an indictment." *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). The elements for Count I, possession of firearms and ammunition by a prohibited person (18 U.S.C. §§ 922(g)(1) and 924(e)) include (1) the defendant was previously convicted of a crime punishable by more than one year imprisonment, (2) the defendant knowingly possessed the firearm or ammunition after his felony conviction, (3) when he possessed the firearm or ammunition the defendant knew he had been convicted of a crime punishable by imprisonment for more than one year, and (4) the firearm or ammunition crossed a state line prior to the alleged possession. Sixth Circuit Pattern Jury Instructions, § 12.01. In comparison, Count III, receipt of firearms and ammunition while under indictment (18 U.S.C. § 922(n)), has two elements: the defendant was under indictment for a felony; and the defendant willfully received the firearm

and/or ammunition that crossed state lines. Ninth Circuit Manual of Model Jury Instructions, 8.70. Here, Count I has an element of a previous felony conviction while Count III is focused on a current indictment. There is at least one different fact to be proved for each count.

Third, Defendant argues that Count III lacks specificity "as it does not describe or otherwise state how [he] received the firearms in questions." ECF No. 61 at PageID.269–70. As explained *supra*, Defendant's argument about lack of specificity is unavailing.

Fourth, he contends that Count I "charges me with violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). This is a defect in the indictment 'Duplicity' – joining two or more offenses in the same count." ECF No. 61 at PageID.269–70. "An indictment is 'duplicitous' when it joins in a single count two or more distinct and separate offenses." *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). Similar to multiplicity, duplicity is a pleading rule and not fatal. "Defendant's remedy is to move to require the prosecution to elect either the count or the charge within the count upon which it will rely." *Id.* The offense in Count I is provided by 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm or ammunition by a prohibited person. 18 U.S.C. § 924(e) is not a second prohibited act, but a sentencing enhancement. *See* 18 U.S.C. § 924(e) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years."); *United States v. Shields*, 789 F.3d 733, 741 (7th Cir. 2015) ("We cannot accept the view that § 924(e)(1), on its own, provides a substantive element of the offense that must be submitted to the jury."). Defendant's Motion to Dismiss the Indictment will be denied.

**J.**

Defendant's final motion is his Motion to Reinstate his Previously filed Motion to Suppress. ECF No. 62. This Motion was submitted by Defendant's standby counsel, Mr. Jacobs, on June 17, 2021. Defendant's motion cut-off was June 1, 2021. ECF No. 65 at PageID.329. Defendant filed four motions by the deadline (one through standby counsel and three by himself). Therefore, there is no evidence that Defendant had difficulty reaching standby counsel or mailing his Motion to this Court in a timely manner. Defendant's motion to reinstate his previously filed and withdrawn motion to suppress, ECF No. 62, will be denied.

**II.**

Defendant's trial date was cancelled because the speedy trial clock stopped due to his pending pretrial motions. All of Defendant's pretrial motions have now been addressed. However, another adjournment of the speedy trial clock is required due to the ongoing COVID-19 pandemic. On March 10, 2020, the Governor for the State of Michigan declared a State of Emergency due to the severe risk that the COVID-19 pandemic posed to the public. Executive Order 2020-4. On March 13, 2020, the United States District Court for the Eastern District of Michigan issued an Administrative Order (the "Order"), 20-AO-021, as well as a subsequent continuing order, 20-AO-059, on December 21, 2020. The Order postpones criminal matters due to the Court's reduced ability to obtain an adequate spectrum of jurors and maintain a safe environment for counsel and Court staff. Because in-person jury trials are not being scheduled until the courthouses and courtrooms can be reorganized to ensure safety to visitors and employees, the dates in this matter must be adjourned. Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A), this Court finds that the ends of justice are served by ordering a continuance in this matter and that the continuance outweighs the best interest of the public and the Defendant in a speedy trial.

-16-

**III.**

Accordingly, it is **ORDERED** that Defendant's motions, ECF Nos. 37, 39, 40, 54, 58, 59, 60, 61, 62, are **DENIED**.

It is further **ORDERED** that pursuant to 18 U.S.C. § 3161(h)(7)(A), the dates in this matter are reset as follows:

Plea cut-off: **December 27, 2021**

Final Pre-Trial Conference: **January 3, 2022 at 4:00 p.m.**

Pretrial Submission: **January 11, 2022**

Jury Trial: **January 18, 2022 at 8:30 a.m.**

It is further **ORDERED** that pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between August 12, 2021 and January 18, 2022, subject to further order of the Court, shall be excluded for the purpose of computing when a trial must be commenced under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

Dated: August 12, 2021                              s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge