UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DARIOUS D. WHITE,

        Defendant.
_____/

Case No. 1:20-cr-20416

Honorable Thomas L. Ludington
United States District Judge

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANT'S MOTION TO FIRE ATTORNEY

After Defendant Darious D. White's relationship with his first two court-appointed attorneys broke down, this Court directed the Federal Community Defender's Office to appoint a *third* attorney to represent him in April 2022. After appointment, Attorney Alan Crawford entered his appearance and has since filed Defendant's plea agreement, sentencing memorandum, and numerous stipulations. On December 27, 2023, Defendant filed a pro se motion to withdraw his guilty plea. But this Court denied Defendant's Motion as an improper hybrid motion because Defendant proceeded pro se despite being represented by appointed counsel. One month later, Defendant simultaneously filed (1) a pro se motion to reconsider this denial; and (2) a pro se motion to fire Attorney Crawford. Defendant mistakenly maintains that Attorney Crawford was only appointed to serve as *standby* counsel and, thus, does not represent Defendant. Because (1) Defendant has not identified any mistake made by this Court in denying his hybrid Motion to Withdraw his Guilty Plea and (2) Defendant again improperly proceeds in a hybrid fashion to withdraw Attorney Crawford, both Motions will be denied.

**I.**

On August 14, 2020, a criminal Complaint was filed against Defendant Darious D. White charging him with various firearm offenses.[1] ECF No. 1. Four days later, Defendant received his first court-appointed attorney: Jerome Sabotta. ECF Nos. 3; 5. Less than one month later, Defendant—through attorney Sabotta—filed a motion to withdraw counsel because their relationship had broken down. ECF No. 11. Indeed, Defendant told Attorney Sabotta that he wanted him "fired" and planned on suing him. *Id.* at PageID.28. Magistrate Judge Patricia T. Morris granted Defendant's first Motion to Withdraw and ordered a new federal defender appointment. ECF No. 13.

In comes Steven Jacobs—Defendant's second attorney. After appointment, Attorney Jacobs entered his initial appearance on September 25, 2020. ECF No. 15. But on February 17, 2021, Defendant—through Attorney Jacobs—filed his second Motion to Withdraw Counsel because, Defendant alleged, Jacobs filed unauthorized motions, refused to withdraw them when Defendant asked, committed malpractice, and rendered ineffective assistance of counsel. ECF No. 31 at PageID.125. Defendant also told Attorney Jacobs that he planned to file a grievance with the Bar Association and sue him for depriving Defendant of his due process rights. *Id.* As this Court stated, Defendant's "main grievance was that Attorney Jacobs filed [a] motion to suppress and [a] motion to quash without informing Defendant, despite Defendant's previous demands that Attorney Jacobs file those motions." ECF No. 95 at PageID.612.

---

[1] The Second Superseding Indictment, filed on April 28, 2022, charges Defendant with possession of firearms and ammunition by a prohibited person, 18 U.S.C. §§ 922(g)(1) and 924(e) (Count I); possession, concealment, and sale of stolen firearms, 18 U.S.C. § 922(j) (Count II); and theft of firearms from a licensed dealer, 18 U.S.C. §§ 922(u) and 2 (Count III). ECF No. 108.

At a March 25, 2021 hearing, this Court advised Defendant "that proceeding without counsel is not advisable and cautioned him against doing so," but Defendant stated he still wished to proceed pro se. ECF No. 41 at PageID.158. This Court conducted a *Faretta* inquiry and concluded Defendant "was familiar with the nature of the charges against him" and that his waiver of his right to an appointed attorney was "knowing, intelligent, and voluntary." *Id.* Nevertheless, in addition to allowing Defendant to proceed pro se, this Court appointed Attorney Jacobs as Defendant's *standby counsel*. *Id.* This Court cautioned Defendant that, if he "persists in refusing to obey the court's direction or [] injecting extraneous or irrelevant matter into the record, the court may direct standby counsel to take over the representation[.]" *Id.* at PageID.159 (citing *United States v. Dougherty*, 473 F.2d 1113 (D.C. Cir. 1972); *United States v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973); *United States v. Anderson*, 577 F.2d 258 (5th Cir. 1978); United States v. Brock, 159 F.3d 1077 (7th Cir. 1998)).

On January 26, 2022, Attorney Jacobs filed a motion to withdraw as Defendant's standby counsel because of a breakdown in their relationship, upon the advice of the Federal Defenders Office. ECF No. 87. At a February 9, 2022 hearing on the issue, Defendant agreed to Jacobs' withdrawal and this Court concluded that Jacobs "(1) did nothing outside of the scope of his legitimate representation; (2) has been responsive on questions related to the Armed Career Criminal Act; (3) has been responsive in obtaining the discovery; (4) has spent, according to him, five different meetings in the Saginaw County Jail; according to [Defendant] four; and (5) has nevertheless, more than adequately do[ne] everything necessary to represent [Defendant]." ECF No. 95 at PageID.616 (internal quotations omitted). Further, the undersigned advised Defendant:

> If I'm satisfied that the job that Mr. Jacobs's done has been to effectively provide you legal assistance, and that the primary impediment to his being able to do that successfully has been your interruption in that relationship, you will have waived

> your right to legal counsel, and I will not have an obligation to appoint a third attorney. I want to be sure you understand that.

ECF No. 91 at PageID.510. Defendant replied "Yes, I do." *Id.* After again cautioning Defendant about the risks of proceeding pro se, this Court conducted another *Faretta* inquiry and concluded Defendant "waived his right to counsel 'by [his] behavior and activity in interfering with [Attorney Jacobs's] assistance to represent [him].'" ECF No. 95 at PageID.627 (quoting ECF No. 91 at PageID.518–19). Accordingly, on March 10, 2022, this Court held that Defendant "waived without prejudice his right to court-appointed counsel three times" and granted Attorney Jacobs's Motion to Withdraw as Standby Counsel. *Id.* at PageID.639. At this point, Defendant was proceeding fully pro so, with no standby counsel available to assist him.

But, on March 23, 2022, the Government filed a motion to re-admonish Defendant and re-appoint standby counsel to "ensure proper treatment of grand jury materials, to provide greater protection for victims and witnesses, to facilitate more fulsome discovery, and to assist with case negotiations, trial preparation, and trial[.]" ECF No. 97 at PageID.644. This Court granted the Government's Motion one week later, but, importantly, directed the Federal Community Defender to "appoint a federal community defender to Defendant as *lead counsel* forthwith." ECF No. 100 at PageID.660 (emphasis added). As this language suggests, Defendant's forthcoming counsel would *not* serve Defendant in merely a standby capacity while Defendant proceeds pro se and would, instead serve as defense counsel until otherwise ordered by the court. Indeed, this Court expressly stated:

> Despite this Court's previous findings, the Government has demonstrated a need to appoint a third attorney to Defendant. The Government must disclose grand-jury testimony without jeopardizing any victims, witnesses, or members of the grand jury who indicted Defendant. New counsel will aid in that endeavor. Moreover, **if Defendant wishes his new counsel to be standby counsel or, alternatively, to represent himself, he may make that decision after consulting his new attorney.**

*Id.* at PageID.659 (emphasis added).

Enter Alan Crawford—Defendant's third attorney. After appointment, Attorney Crawford filed his initial appearance on Defendant's behalf on March 30, 2022. On May 4, 2022, Defendant—through Attorney Crawford—entered a rule 11 plea agreement in which Defendant agreed to plead guilty to Counts I and II of the Second Superseding Indictment and the Government agreed to dismiss all other charges. ECF No. 109 at PageID.683–85. The Government recommended a sentence reduction for acceptance of responsibility and recommended Defendant be sentenced to 180 months' imprisonment on Count I and that any term of imprisonment imposed on Count II run concurrently. *Id.* at PageID.696. Defendant entered his guilty plea in accordance with the Rule 11 Plea Agreement on May 4, 2022. *See* ECF No. 109. Defendant has not yet been sentenced. *See* ECF Nos. 110; 115; 120; 121; 127; 128.

On December 27, 2023, Defendant filed a pro se motion to withdraw his plea. ECF No. 129. On January 3, 2024, this Court denied this Motion as hybrid because Defendant did not proceed through his court-appointed counsel, Alan Crawford. ECF No. 130; *see also United States v. Trout*, No. 1:17-CR-20854, 2022 WL 23289 (E.D. Mich. Jan. 3, 2022); *United States v. Marin*, 597 F. Supp. 3d 1162 (E.D. Mich. 2022). On February 5, 2024, Defendant filed a motion for reconsideration, ECF No. 132, and a motion to fire Attorney Crawford, who Defendant believes serves only as standby counsel. ECF No. 131.

## II. Defendant's Motion for Reconsideration

This Court begins with Defendant's Motion for Reconsideration. ECF No. 132. Local Rule 7.1(h) distinguishes the standard of review for motions for reconsideration of final orders, E.D. MICH. LR 7.1(h)(1), as opposed to nonfinal orders, E.D. MICH. LR 7.1(h)(2). Defendant seeks reconsideration of a nonfinal order.

> Local Rule 7.1(h)(2) provides that:
>
> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

Defendant has not presented any new facts or controlling law in his Motion. *See generally* ECF No. 132. Therefore, only Local Rule 7.1(h)(2)(A) applies. Local Rule 7.1(h)(2)(A) requires the movant to demonstrate (1) that the court made a mistake, (2) that correcting the mistake changes the outcome of the prior decision, and (3) that the mistake was based on the record and law before the court at the time of its prior decision. *Hillman Power Co. v. On-Site Equip. Maint., Inc.*, No. 1:19-CV-11009, 2022 WL 193598, at *3 (E.D. Mich. Jan. 21, 2022) (citing E.D. MICH. LR 7.1(h)(2)(A)). And, aside from the fact that Defendant's Motion for Reconsideration was filed nearly one month after this Court's denial, far beyond the Local Rules' 14-day deadline, Defendant's Motion for Reconsideration fails at its first step: Defendant has not identified a mistake made by this Court.

Defendant maintains he "do[es] not have an attorney" and that Alan Crawford "was appointed as '[s]tandby [c]ounsel' for the sole purpose of assisting with discovery relating to Jenks material." ECF No. 132 at PageID.946. Not so. Allan Crawford was expressly appointed as *lead* counsel. ECF No. 100 at PageID.660 (emphasis added). Defendant seems to latch on to the title of the Government's March 2022 Motion, granted by this Court, which contemplates new *standby*

counsel. ECF No. 132 (citing ECF No. 97). But this Court's subsequent Opinion and Order—which, unlike the Government's Motion, is binding on Defendant—specifically clarified that Defendant's forthcoming appointed attorney would serve in a lead counsel capacity and that, if Defendant wished to demote the appointed attorney to standby counsel or if he wished to proceed pro se again, "he may make that decision after consulting his new attorney." ECF No. 100 at PageID.659. He has not done so. On the contrary, since his appearance, Attorney Crawford has filed Defendant's Plea Agreement, ECF No. 109, Defendant's Sentencing Memorandum, ECF No. 114 at PageID.755 ("Now comes Defendant . . . by and through his counsel, Alan A. Crawford[.]"), and multiple stipulations on Defendant's behalf. ECF Nos. 115; 127.

In sum, it is Defendant who is mistaken—not this Court. Defendant is currently represented by Attorney Alan Crawford, who is serving as lead counsel and not, as Defendant believes, standby counsel. Accordingly, this Court did not mistakenly deny Defendant's Motion to Withdraw his Plea, ECF No. 129, as an improper hybrid motion and Defendant's Motion for Reconsideration, ECF No. 132, will be denied.

### III. Defendant's Motion to Fire Attorney Crawford

Next, this Court considers Defendant's pro se Motion seeking Attorney Crawford's withdraw. ECF No. 131. Having reminded Defendant that Attorney Crawford is his lead counsel, Defendant's pro se Motion to Withdraw Attorney Crawford will be denied for the same reasons this Court denied his earlier Motion to Withdraw his Guilty Plea: Defendant improperly proceeds in a hybrid fashion. *See United States v. Dehar*, No. CRIM. 07-20558, 2008 WL 4937855 (E.D. Mich. Nov. 14, 2008); *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even to represent themselves, *see Faretta v. California*, 422 U.S. 806, 819–20 (1975), the right of self-representation

does not include the right to proceed in a hybrid fashion. *McKaskle*, 465 U.S. at 183; *see also United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). Because Defendant filed his Motion in a hybrid fashion, it will be denied. *United States v. Trout*, No. 1:17-CR-20854, 2022 WL 23289 (E.D. Mich. Jan. 3, 2022); *United States v. Marin*, 597 F. Supp. 3d 1162 (E.D. Mich. 2022).

If Defendant wishes to proceed pro se or wishes to no longer be represented by Attorney Crawford, *Attorney Crawford* must file the motion seeking that relief on Defendant's behalf. Defendant may not improperly proceed on his own.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 132, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion to Fire Attorney Crawford and Proceed Pro Se, ECF No. 131, is **DENIED.**

**This is not a final order and does not close the above-captioned case.**

Dated: February 9, 2024                s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge